UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BENJAMIN HEBERT**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO: 23-5514**

**AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA**                                             **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant American Bankers Insurance Company of Florida's Motion to Dismiss for Failure to State a Claim (Doc. 8). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiff Benjamin Hebert alleges that Defendant American Bankers Insurance Company of Florida issued a Standard Flood Insurance Policy ("SFIP") covering property located at 1842 Highway 1 in Grand Isle, Louisiana ("the Policy").[1] Defendants provide flood insurance as a "Write Your Own" ("WYO") carrier through the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA").[2]

---

[1] Doc. 1 at 2–3.
[2] Congress created the National Flood Insurance Program pursuant to the National Flood Insurance Act. 42 U.S.C. § 4001. In its capacity as a WYO insurer, Defendant is acting as

1

After Hurricane Ida, Plaintiff "reported the loss" to Defendant.[3] On October 23, 2021, Defendant sent Plaintiff a letter notifying him that $13,735.97 of damage was covered under the Policy, but part of his claim was denied.[4] Plaintiff thereafter hired a public adjuster to resolve a dispute over Defendant's adjustment of his claim. On July 26, 2022, Plaintiff provided Defendant a signed proof of loss form. On September 26, 2022, Defendant sent Plaintiff a letter informing him that his proof of loss was rejected in full, and his claim was denied. Plaintiff avers that Defendant failed to adequately compensate Plaintiff for his losses sustained and covered under the Policy.[5]

Plaintiff filed a Complaint on September 25, 2023, asserting breach of contract and bad faith claims. Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. Plaintiff opposes.[6]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw

---

a fiscal agent of the United States. Wright v. Allstate Ins. Co., 415 F.3d 384, 386 (5th Cir. 2005) (citing 42 U.S.C. § 4071(a)(1)).

[3] Doc. 1 at 3.

[4] Doc. 8-2 at 1. Defendant also notified Plaintiff that it had "exercised [its] option to accept [Plaintiff's] adjuster's report of [the] flood loss instead of a signed proof of loss to evaluate and pay [Plaintiff's] claim." *Id.*

[5] Doc. 1 at 4–8.

[6] Doc. 11.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Id.*

all reasonable inferences in the plaintiff's favor."[9] The Court need not, however, accept as true legal conclusions couched as factual allegations.[10]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[12] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[13]

## LAW AND ANALYSIS

Defendant argues that Plaintiff's breach of contract claim should be dismissed as time-barred because Plaintiff failed to file this action within one year from the date of partial denial of coverage. Defendant specifically argues that Plaintiff's breach of contract claim against it is time barred under 42 U.S.C. § 4072, which provides in pertinent part that:

> [U]pon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing notice of disallowance or partial disallowance* by the Administrator, may institute an action against the Administrator . . . .[14]

The SFIP also includes the following provision:

> You may not sue us to recover money under this policy unless you have complied with all requirements of the policy. If you do sue,

---

[9] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 667.
[11] *Id.*
[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[13] *Lormand*, 565 F.3d at 255–57.
[14] 42 U.S.C. § 4072 (emphasis added).

> you must start the suit *within one year of the date of the written denial* of all or part of the claim . . . .[15]

The one-year limitations period applies to any claim brought under the SFIP and to any dispute arising from the handling of such claim.[16]

Defendant attached to its motion a copy of the two letters denying Plaintiff's insurance claim dated October 23, 2021 and September 26, 2022.[17] In the October 23, 2021 letter, Defendant notified Plaintiff that it had exercised its option to accept Plaintiff's adjuster's report of the alleged flood loss rather than a signed proof of loss.[18] The letter also notified Plaintiff that it denied a portion of his claim, namely his claims for damage to the meter box, debris and sand brought in by flood waters, and damage to the enclosure walls and secondary egress staircase to a deck located below the first elevated level of Plaintiff's post-firm building.[19] The September 26, 2022 letter notified Plaintiff that Defendant had received a signed proof of loss. Defendant, however, rejected the document in full and again denied coverage "for items located below the first elevated floor of [Plaintiff's] post-FIRM elevated home."[20]

Defendant avers that the first denial letter sent on October 23, 2021, began the one-year prescriptive period. Plaintiff, however, contends that the

---

[15] 44 C.F.R. pt. 61, App. A(1), Art. VII(R) (emphasis added); *Wright*, 415 F.3d at 386 ("The terms of SFIP policies are dictated by FEMA.").

[16] 44 C.F.R. pt. 61, App. A(1), Art. VII(R).

[17] Docs. 8-2 & 8-3. On a motion to dismiss, the Court may consider documents attached thereto when the documents are referred to in the pleadings and are central to a plaintiff's claims. *See* Brand Coupon Network, LLC v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014). "Courts have generally concluded that when a plaintiff's complaint alleges the denial of all or part of an insurance claim, it is appropriate to consider the letter denying coverage under Rule 12(b)(6)." Bateman v. Am. Bankers Ins. Co. of Fla., No. 23-6338, 2024 WL 894790, at *2 (Vance, J.) (collecting cases).

[18] Doc. 8-2 at 1.

[19] *Id.* at 2–3.

[20] Doc. 8-3 at 2. The letter also notified Plaintiff that he must file suit "in the Federal District Court where the damage occurred within one (1) year of when your insurer *first denied all or part of your claim* (42 U.S.C. § 4072; 44 C.F.R. § 62.23(g)). *Id.* at 4 (emphasis added).

"denial that was after the sworn proof of loss" dated September 26, 2022 began the prescriptive period.[21] Thus, the parties disagree as to whether a written denial must be preceded by a sworn proof of loss to begin the prescriptive period.

The Court first considers the October 23, 2021 letter. The letter instructed Plaintiff: "[I]f you wish to take further action concerning *this denial*, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action."[22] The letter specifically "denied a portion of [Plaintiff's] claim based upon the appliable provisions of the Standard Flood Insurance Policy (SFIP)."[23] Courts, including the Fifth Circuit, have repeatedly held that letters with similar language constitute "notice[s] of disallowance" that begin the one-year prescriptive period under the National Flood Insurance Act.[24] Accordingly, the October 23, 2021 letter clearly constitutes a "written denial" or "notice of partial disallowance" that began the one-year prescriptive period.

Plaintiff responds by citing to *Qader v. Federal Emergency Management Agency* for the proposition that a notice of disallowance cannot begin the one-year filing period where an insurer denied flood claims before receiving proof

---

[21] Doc. 11 at 3.
[22] Doc. 8-2 at 3 (emphasis added).
[23] Doc. 8-2 at 1. *See also id.* at 3 (denying coverage for damage to a meter box, debris and sand brought in the yard from flood waters, and damage to enclosure walls and secondary egress staircase to a deck located below the first elevated level of Plaintiff's post-firm elevated building).
[24] *See Bateman*, 2024 WL 894790, at *2 (citing McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022); Cohen v. Allstate Ins. Co., 924 F.3d 775, 781 (5th Cir. 2019)); Verret v. SafeCo Ins. Co. of Am., No. 23-2292, 2023 WL 5608018 (E.D. La. Aug. 30, 2023) (Brown, J.); McInnis v. Liberty Mut. Fire Ins. Co., No. 19-00012-BAJ-EWD, 2021 WL 5985145, at *2 (M.D. La. Dec. 16, 2021) (Jackson, J.), *affirmed by* No. 22-30022, 2022 WL 4594609 (5th Cir. Sept. 30, 2022).

of loss.[25] This Court, however, finds the holding of *Qader* inapplicable. In *Qader*, the court interpreted an August 31, 2005 order issued by FEMA that extended proof of loss deadlines to assist policyholders following Hurricane Katrina.[26] The August 31, 2005 order is inapplicable to claims for damage caused by Hurricane Ida.

This Court nevertheless finds the rationale employed in *Qader* supports a finding that the October 23, 2021 letter constituted a proper notice of partial allowance. In *Qader*, the court noted that the SFIP typically requires policyholders to submit a sworn proof of loss to their NFIP insurers within sixty days of a loss to initiate a claim.[27] The post-Hurricane Katrina order partially waived the proof of loss requirement and extended the deadline for submission of proof of loss to one year from the date of such loss.[28] The *Qader* court therefore concluded that "[t]he one-year filing period begins to run when FEMA denies a claim that is accompanied by a proof of loss, *unless* proof of loss is waived."[29] FEMA issued a similar order following Hurricane Ida, which directed NFIP insurers to "exercise their option to accept their adjuster's report to evaluate and pay a claim instead of a signed proof of loss."[30] Defendant indeed notified Plaintiff in its October 23, 2021 denial letter that it was

---

[25] Doc. 11 at 2 (citing Qader v. Fed. Emergency Mgmt. Agency, 543 F. Supp. 2d 558, 562 (E.D. La. 2008)).

[26] *Qader*, 543 F. Supp. 3d at 561–62.

[27] *Id.* at 561 (citing 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(4)).

[28] *Id.* at 561–62.

[29] *Id.* at 562 (emphasis added).

[30] *See* Jeffrey Jackson, Acting Assistant Administrator for Federal Insurance, *Hurricane Ida Claims Payment Process*, FED. EMERGENCY MGMT. AGENCY (Sept. 16, 2021), https://nfipservices.floodsmart.gov/sites/default/files/w-21020.pdf. The Fifth Circuit has held that WYO companies cannot waive the requirements set forth in SFIPs because "the federal regulations provide that no provision of the policy may be altered, varied, or waived without the *express* written consent of the Federal Insurance Administrator." *See* Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998) (citing 44 C.F.R. §§61.4(b), 61.13(d)).

exercising its option to waive proof of loss.[31] Accordingly, the October 23, 2021 letter constituted a proper notice of partial disallowance that began the one-year prescriptive period.

And even if application of *Qader* suggested a different result, the Fifth Circuit has considered a similar timeline of events and held that the first denial letter, sent before sworn proof of loss was provided, nevertheless constituted a "notice of disallowance" to begin the one-year prescriptive period.[32] In so holding, the court reasoned that 42 U.S.C. § 4072, which sets forth the prescriptive period for Plaintiff's claim, does not mention a proof of loss.[33] Rather, it refers to the "disallowance. . . of any such *claim*."[34] Thus, the court concluded that "a claim and a proof of loss are distinct," and denial of the claim begins the prescriptive period—not denial of the proof of loss.[35]

Because Plaintiff filed her Complaint more than one year after Defendant mailed the October 23, 2021 notice of disallowance,[36] this Court finds that Plaintiff's breach of contract claim has prescribed pursuant to 42 U.S.C. § 4072. Additionally, the Fifth Circuit has held that extra-contractual state law claims "arising from claims handling by a WYO" such as those Plaintiff asserts here "are preempted by federal law."[37] Accordingly, this Court finds that Plaintiff's contractual claims are time-barred, and his extra-contractual claims are preempted by federal law.

---

[31] Doc. 8-2 at 1.

[32] *See* McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *2–3 (5th Cir. Sept. 30, 2022). While this opinion is not precedent pursuant to 5th Circuit Rule 47.5, this Court nevertheless finds the Fifth Circuit's rationale persuasive.

[33] *Id.* at *2.

[34] *Id.* (citing 42 U.S.C. § 4072).

[35] *Id.*

[36] *See* Doc. 1 (filed August 25, 2023).

[37] Gallup v. Omaha Prop. & Cas. Ins. Co., 434 F.3d 341, 344 (5th Cir. 2005) (quoting Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005)) (internal quotations omitted).

## CONCLUSION

For the following reasons, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 27th day of June, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**